```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

Charles Scriven,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                                 24-CV-4025(EK)(MJ)

          -against-

Jeremy Barnum,

                Defendant.

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        On June 3, 2024, plaintiff Charles Scriven filed this action against defendant Jeremy Barnum, the Chief Financial officer of Chase Bank.  Proceeding *pro se,* Scriven invoked the court's federal-question jurisdiction under 28 U.S.C. § 1331.  Compl., ECF No. 1.  The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  As set forth below, however, the complaint is dismissed.

## I. Background

        This is one of two cases that this plaintiff has filed against this defendant. *See Scriven v. Barnum*, No. 24-CV-1805.  Barnum filed the first action — which this Court subsequently dismissed with prejudice — on March 8, 2024.  In that case, Scriven alleged that he had purchased a car from South Shore Mitsubishi with financing provided by Chase Bank.  *See* No. 24-CV-1805, ECF No. 4, Am. Compl. at 5.  He contended that "Mr.

Barnum . . . breach[ed] the contract by failing to perform his duty by not accepting negotiable instrument." *Id.* at 6. The "negotiable instrument" at issue, per that Complaint, was a "notice of claim to interest." *Id.* On February 16, 2024, the car was repossessed. *Id.* at 6.

By Memorandum and Order dated April 24, 2024, this Court dismissed that action with prejudice because there is no private right of action under the Federal Reserve Act, 12 U.S.C. § 504, and because the operative complaint did not state a valid claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *See* Scriven v. Barnum, No. 24-CV-1805, 2024 WL 1769318 (E.D.N.Y. Apr. 24, 2024).

Six weeks later, Scriven filed the instant action against the same defendant, again asserting a claim under the Federal Reserve Act. See ECF No. 1, Compl. at 6. The new complaint also adds a breach of contract claim under 41 U.S.C. § 6503, regarding the purchase of a 2019 Mercedes Benz — the same car discussed in the Court's April 24 Order. *Id.* He seeks "all payments reverted back to him due to the breach for all past payment." Id. at 7.

## II.  Standard of Review

To state a valid claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

Still, when a plaintiff is proceeding *in forma pauperis*, the court must dismiss a complaint that fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

### III. Discussion

"The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Brown Media Corp. v. K&L Gates LLP*, 854 F.3d 150, 157 (2d Cir. 2017); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  *Res judicata* bars an action if "(1) the previous action involved an adjudication of the merits; (2) the previous action

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

involved the same plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002).

Scriven's new claims arise from the same events that were at issue in his prior litigation. *See Scriven*, No. 24-CV-1805, 2024 WL 1769318. And his previous action involved an adjudication on the merits: the conclusion that the Federal Reserve Act confers no private right of action led to dismissal for failure to state a claim. *Id.; see Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015); *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

Scriven raised (or could have raised) the same claims presented in this action in the first action. *Id.* Now, he seeks to relitigate claims already adjudicated and to assert new legal theories based upon the same operative facts. Therefore, the complaint is barred by *res judicata*. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (district court's *sua sponte* dismissal of *pro se* complaint on *res judicata* grounds was "not only appropriate but virtually mandatory").

Moreover, Scriven fails to state a claim under Section 6503. That statute is inapplicable to Scriven's claim because it applies only to contracts with the federal government, not between private parties. *See* 41 U.S.C. §§ 6502, 6503.

### IV. Conclusion

For the foregoing reasons, this action must be — and is — dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and close this case. The Clerk is also directed to mail a copy of this Memorandum and Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   August 22, 2024
        Brooklyn, New York